UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                   Case No. 12-20423

MARIO HAIRSTON,                              HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER DENYING PETITIONER'S
## MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (Doc. 52)

### I. INTRODUCTION

This is a habeas corpus case under 28 U.S.C. § 2255. Petitioner Mario Hairston (Hairston) plead guilty under a Rule 11 agreement to a violation of the Hobbs Act,[1] 18 U.S.C. § 1951(a), and the discharge of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)[2]. (Doc. 40). He was sentenced to a 157 months term of incarceration.

---

[1] 18 U.S.C. § 1951. Interference with Commerce by Threats or Violence. (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

[2] 18 U.S.C. § 924(c)(1)(A). Penalties. [A]ny person who, during and in relation to any crime of violence or drug trafficking crime…for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

1

(Docs. 36, 37, 40). Hairston filed a direct appeal (Doc. 38), which was dismissed under Federal Rule of Appellate Procedure 42(b).[3] (Doc. 49).

Hairston's petition raises two issues. First, Hairston claims ineffective assistance of counsel under 28 U.S.C. § 2255 on the grounds that his former counsel, Andrew Densemo (Densemo), failed to effectively advise him on a plea offer and caused him to plead guilty on bad advice. (Doc. 52). Jurisdiction for this issue is proper before the Court, because a habeas petitioner convicted of a federal crime must move "the court which imposed the sentence" if he is arguing that the "sentence was imposed in violation of the Constitution or laws of the United States…" 28 U.S.C. § 2255(a). Hairston says he plead guilty based on his counsel's advice that he would receive time-served credit for approximately 30 months of detention with the Michigan Department of Corrections (MDOC) that he served prior to sentencing by the Court. In response, the government says that the record is clear that the government took Hairston's time served with the MDOC into consideration and revised its plea offer accordingly. (Docs. 54, 58, 70). Relief on the first issue would allow Hairston to withdraw his guilty plea.

The second issue is the length of time of Hairston's sentence as determined by the Bureau of Prisons under 28 U.S.C. § 2241[4]. Hairston says that he is entitled to credit against his federal sentence for time served with the MDOC. In response, the government says that the proper jurisdiction in which to raise this issue is the district

---

[3] Fed. R. App. Proc. 42(b) Dismissal in the Court of Appeals. The circuit clerk may dismiss a docketed appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due. But no mandate or other process may issue without a court order. An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court.

[4] 28 U.S.C. § 2241. Power to Grant Writ. Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

2

court that has jurisdiction over the petitioner's place of confinement – not the sentencing court.

On November 24, 2015, the Court held an evidentiary hearing on the motion after which supplemental papers were filed. (Docs. 69, 70). The matter is now ready for decision.

For the reasons that follow, the motion to vacate due to the ineffective assistance of counsel will be denied. As will be explained in detail below, the execution of Hairston's sentence cannot be raised in a motion under 28 U.S.C. § 2255; however, Hairston may file a motion under 28 U.S.C. § 2241 in the proper jurisdiction.

## II. BACKGROUND

Below is a table of dates and events relevant to the motion to vacate.

| Date | Event |
| --- | --- |
| 07/07/2011 | Hairston robs a 7-Eleven armed with a gun. |
| 08/24/2011 | Unrelated to the prior robbery charge, Hairston is arrested for drug/firearm violations related to the execution of a search warrant at Hairston's residence. Hairston is placed into MDOC custody. |
| 03/13/2012 | Government files a federal complaint. (Doc. 1). The federal complaint references violations of federal law associated with the robbery and the drugs, firearm, and ammunition found during the execution of the search warrant at Hairston's residence. |
| 04/16/2012 | Hairston appears for his initial appearance. The Court appoints Deputy Federal Defender Andrew Densemo (Densemo) as Hairston's counsel. Hairston consents to an order of detention pending trial. (Docs 3, 4). |
| 05/03/2012 | Government emails Densemo regarding armed career offender status and offers four calculations for Hairston's advisory guideline range. (Doc 68, Ex. A). |
| 05/08/2012 | Densemo emails Government questioning whether Hairston is an armed career offender. (Doc 68, Ex. B). |
| 05/15/2012 | Government emails Densemo advising that Hairston may not qualify as a career offender and offering to put a Rule 11 plea agreement under which Hairston "pleads to the 924(c) and [the parties] agree that the robbery is relevant conduct under the guidelines. We will not charge him with the drugs or the FIP which will save him a 2 level increase (which is more helpful if he is not a career offender) as they would be grouped separately from the robbery under [USSG §]2B3.1. Your client can ask for 10 |

3

| | |
|---|---|
| | (man/min on the 924(c)) and we reserve the right to ask for anything within or below the guideline range regardless of how the guidelines work out." (Doc 68, Exs. C, D. |
| 05/16/2012 | Densemo emails Government stating he would discuss the offer with Hairston. |
| 06/04/2012 | Densemo emails Government stating: "Mr. Hairston is prepared to plea to charges stemming from the execution of the search warrant, but none associated with the robbery. If we can negotiate a plea centered around these charges, we should be able to resolve the case without the necessity of an indictment." (Doc. 68, Ex. E).<br><br>Government responds: "Hairston will have to plead to the robbery. Unless I hear from you otherwise, I will proceed to indictment. Thank you for your time."<br><br>Densemo responds: "I'll let Hairston know." |
| 06/21/2012 | A two-count indictment is filed charging Hairston with one count of interference with commerce by threats and violence in violation of the Hobbs Act, 18 U.S.C. § 1951(a); and the discharge of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 7). |
| 10/04/2012 | Government emails Densemo stating: "Kevin is pending the 12.5 year offer. It may help sway him if you can tell me whether he will take it or you are just going to present it to him and you think we would take it. The offer would be that you can ask for 12.5 but we retain the right to ask for whatever we want. Let me know sooner than later. He is on the fence on this and I am trying to get him to let us resolve it." (Doc. 68, Ex. F). |
| 10/05/2012 | Densemo emails Government stating that he will advocate for acceptance of the 12.5 years offer and that he believes Hairston will accept it. He will try to see Hairston that same day. (Doc. 68, Ex. G).<br><br>That same day, Densemo emails Government asking if the May 15, 2012 proposal is still available. (Doc. 68, Ex. H). |
| 10/08/2012 | Government responds to Densemo saying that the offer is not available. (Doc. 68, Ex. K).<br><br>Densemo responds to Government saying that he would let Mr. Hairston know. (Doc. 68, Ex. L). |
| 07/25/2013 | Hairston enters a guilty plea to counts one and two of the indictment pursuant to a Rule 11 plea agreement. Under his plea agreement, Hairston is sentenced to 37 months on count one (Hobbs Act) and 120 months on count two (discharge of a firearm during a crime of violence) to be run consecutively. (Doc. 33). |
| 12/19/2013 | The Court sentences Hairston to 157 months pursuant to the Rule 11 plea agreement. (Doc. 37). At the sentencing, Hairston states that he had been |

4

|            | in state prison doing "dead time." He asked for the Court to consider reducing his sentence by the 30 months he was in state prison. Densemo explains that the Government offered 157 months to account for the "dead time" in state custody. Densemo states that he explained this reduction to Hairston (Doc. 47 at 9-10). |
|------------|---|
| 12/23/2013 | Judgment entered. (Doc. 40). |
| 12/24/2014 | Notice of appeal. (Doc. 38). |
| 2/24/2015  | Hairston pleads no contest at the MDOC parole violation hearing. |
| 4/16/2015  | Hairston is released from MDOC custody to the custody of the federal Bureau of Prisons. |
| 05/19/2014 | Order from US Court of Appeals regarding the notice of appeal. (Doc. 49). |
| 07/24/2014 | Order appointing federal defender, Michael Dezsi. (Doc. 50). |
| 01/30/2015 | Hairston files a motion to vacate sentence under 28 USC § 2255 (Doc. 52). |
| 10/29/2015 | Evidentiary hearing held regarding the motion to vacate sentence under 28 U.S.C. § 2255. (Doc. 67). |
| 12/18/2015 | Government and Hairston file supplemental briefs regarding the motion to vacate sentence under 28 U.S.C. § 2255. (Docs. 69, 70). |

### III. STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To prevail under 28 U.S.C. § 2255, the petitioner must show a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. U.S., 368 U.S. 424, 428 (1962)). "The movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003)(citing Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001)).

A petitioner's claim for ineffective assistance of counsel can establish an "error of constitutional magnitude" as required under 28 U.S.C. § 2255. To succeed on a claim of ineffective assistance of counsel, the petitioner must show (1) that his counsel's performance was constitutionally deficient in that the performance "fell below an objective standard of reasonableness under prevailing professional norms" and (2) that he was prejudiced by his counsel's errors. Magana v. Hofbauer, 263 F.3d 542, 547 (6th Cir. 2001) (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). "Because the petitioner must satisfy both prongs, the inability to prove either one of the prongs – regardless of which one – relieves the reviewing court of any duty to consider the other." Nichols v. United States, 563 F.3d 240, 249 (6th Cir. 2009).

To demonstrate the first prong, "the petitioner must point to specific errors in counsel's performance and the reviewing court must subject the allegations to rigorous scrutiny, determining 'whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" Id. (citing Strickland, 466 U.S. at 690). Judicial scrutiny of the petitioner's counsel must be highly deferential. Strickland, 466 U.S. at 689.

To establish the second prong, the petitioner must demonstrate that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "The Strickland analysis also applies to claims of ineffective assistance of counsel involving counsel's advice offered during the plea process." Magana, 263 F.3d at 547 (quoting Hill v. Lockhart, 474 U.S. 52, 58 (1985)).

In the guilty plea context, while the performance prong of the Strickland test remains the same, to establish prejudice the petitioner must show that there is a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).

## IV. DISCUSSION

### A. Ineffective Assistance of Counsel

#### 1. Densemo Communicated the 120 Month Plea Offer to Hairston

Hairston first says that his prior counsel was ineffective for failing to adequately advise him of the government's pre-indictment plea offer of 120 months. While the Sixth Circuit has held that "[t]he failure of defense counsel to 'provide professional guidance to a defendant regarding his sentence exposure prior to a plea may constitute deficient assistance,'"[5] according to the record, Hairston failed to establish that Densemo committed an error under the first prong of Strickland.

At the evidentiary hearing, Hairston testified that at the time that Densemo presented the government's second plea offer of 120 months, he did not know if he would receive the 120 months as set forth in the plea or 120 months as set forth in the plea plus an additional 10 or 15 years as a career offender. (Evidentiary Hearing, Doc. 67 at 50). Hairston further testified that only once he was properly advised that he was not a career offender, he attempted to take the government's 120 month plea offer; however, the government refused to offer the plea. Moreover, Hairston testified that Densemo did not advise him that the government's second plea offer of 120 months

---

[5] Smith v. United States, 348 F.3d 545, 553 (6th Cir. 2003).

would expire on a certain date. (Doc. 67 at 51). As such, Hairston says that he lost the option of the government's second plea because he was not adequately advised.

Densemo, on the other hand, testified that he did his due diligence and was certain that Hairston was not a career offender. (Doc. 67 at 25). As noted above, during the pre-indictment plea negotiations, the government believed that Hairston was an armed career criminal or a career offender. Densemo researched the issue, reviewed the relevant case files, and spoke with Hairston. (Doc. 67 at 25-26). On several occasions, Densemo informed the government that he discussed pending matters, including proposed plea agreements, with Hairston. For example, in response to the government's first plea offer, Densemo wrote on May 16, 2012: "I'll discuss this with Mr. Hairston and get to you as soon as I can." When the government advised Densemo that Hairston would have to plead to the robbery charges, Densemo wrote on June 4, 2012: "I'll let Mr. Hairston know." After the government made another plea agreement offer, Densemo responded: "I will strongly advocate for acceptance of [the offer.] It is my opinion that my client will accept it. I'll attempt to see him today at the county jail." On February 12, 2013, Densemo wrote: "I spoke with Mr. Hairston yesterday and advised him that his counter-proposal…was rejected by your office." Finally, on February 26, 2013, Densemo wrote: "I regret to report that Mr. Hairston has decided that he would like to take his chances at trial. I was told this afternoon. I appreciate all your efforts to reach an equitable solution…" The record plainly indicates that Densemo was communicating all plea discussions, including offers and rejections, with Hairston.

Further, the record establishes that Hairston was fully engaged in the plea negotiation process. For example, Densemo advised the government that Hairston was

8

willing to resolve the case pre-indictment. Densemo could not have offered such a statement without speaking to Hairston first. Additionally, Densemo's specific counter offer to not plead to the charge relating to the robbery reflects a discrete choice that only a defendant can make. Densemo testified that Hairston's failure to accept the 120 month plea offer did not have "anything to do with [his] career offender" status. (Doc. 67 at 38). Finally, Hairston's decision not to plead to the robbery charges placed him in a better position for sentencing because the charges relating to the search of his residence provided for a lower statutory mandatory minimum sentence and avoided pleading to an act of violence. The Court may presume that such a decision was made after a judicious examination of the facts, the guidelines, and Hairston's options and personal choices. Based on the emails on the record, the decision was made after consulting with Densemo.

Finally, in order to conclude that Densemo failed to adequately advise Hairston regarding the pre-indictment plea offer, the Court would have to find that Densemo was not truthful in his emails to the government. Further, the Court would have to find that Densemo misrepresented the fact that he met with his client, that his client was willing to plead to the drug related charges, that his client rejected the plea-indictment plea offer, and that his client rejected subsequent plea offers. The record simply does not support these conclusions. The Court cannot find that an experienced practitioner with a reputation for zealously representing his clients would fail to bring a reasonable plea offer to his client.

Accordingly, Hairston's allegation does not meet the <u>Strickland</u> standard as an error so serious that Densemo failed to function as effective counsel.

## 2. Densemo Properly Advised Hairston Regarding Credit against his Federal Sentence

Hairston's second ground for his claim of ineffective assistance of counsel is that he plead guilty based on advice given by Densemo that he would receive credit for the approximately 30 months of time with the MDOC prior to his sentencing. (Doc. 67 at 53)("My understanding was that as long as I didn't see a parole board and get a flop that I was going to get the time credited."). Hairston says that under 18 U.S.C. § 3585(b)[6], he is entitled to credit for the time that he served with the MDOC.

Hairston's argument lacks merit. As will be explained in detail below, Densemo competently advised Hairston that his time with the state was considered dead time and that the plea offer reflected his time spent in state custody. Hairston also cannot establish that he suffered prejudice under the second Strickland prong.

### a. Under Strickland, Densemo Was Not Deficient

The government's original plea offer was a sentence of fifteen years. (Doc. 67 at 39). Densemo was concerned that Hairston was not going to receive credit for his time incarcerated with the MDOC against his federal sentence. Accordingly, he asked the government to consider the credit issue. (Doc. 67 at 41). In response, the government revised the plea offer from fifteen years (180 months) to thirteen years and one month (157 months). (Doc. 67 at 40). The twenty three month difference between the

---

[6] 18 U.S.C. § 3585(b). Calculation of a Term of Imprisonment. Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

government's initial plea offer and the government's amended plea offer was to address a significant portion of the dead time Hairston was going to face. (Doc. 67 at 41). This understanding was reiterated when, at Hairston's sentencing, Densemo told the Court:

> I also advised Mr. Hairston that it was the government's position that they were offering 13 years because they were taking into consideration the fact that he wasn't going to receive any credit for the time he was serving in State custody and that is why the 15 year offer that was originally proffered was reduced to 13 years. So that aspect of it was explained to Mr. Hairston.

(Sentencing Hearing, Doc. 47 at 10).

Further, Densemo explained that because it is difficult to determine whether the Bureau of Prisons will give credit for dead time, his practice is to use the word "should" when asked whether credit would be given. (Doc. 67 at 44-45). Densemo kept open communications with Hairston and kept Hairston advised of his conversations with the government regarding plea offer negotiations. (Doc. 67 at 42). When he pled guilty, Hairston knew, or should have understood, that his time with the MDOC was not going to be credited against his federal sentence.

Thus, Hairston has not established that Densemo was deficient in his representation.

### b. Under Strickland, Hairston Has Not Been Prejudiced

To prevail under Strickland's prejudice prong, Hairston must prove there is a reasonable probability that, but for his counsel's erroneous advice, he would not have accepted the plea bargain he was offered. Here, the record is clear that Hairston wanted to accept the government's plea offer. Hairston testified that he "had to take the plea," and if he did not take the plea, he "would have been forced to go to trial." (Doc. 67

11

at 68). When asked if he wanted to go to trial, Hairston responded "[n]o, I could not go to trial." (Doc. 67 at 68).

Further, because Densemo negotiated the dismissal of the § 924(c) charge associated with Hairston's drug case and the agreed upon plea offer had a fixed sentence at the bottom of the advisory guideline range, the plea offer that Hairston agreed to substantially reduced his sentencing exposure. As explained above, Hairston's primary motivation in agreeing to plead was to avoid going to trial. Assuming, arguendo, that Densemo was deficient in the ways that Hairston claims, "it is clear that neither the failure to file pre-trial motions,…nor a false promise of credit for time served, would have diminished to any meaningful degree the attractiveness of the deal [Hairston] was offered and accepted." Wooten v. Raney, 112 F. App'x 492, 496 (6th Cir. 2004). The record is clear that Hairston would have accepted the plea regardless of the credit issue.

Accordingly, Hairston failed to establish that he was prejudiced by any of his trial counsel's alleged deficiencies as required by Strickland.

### B. Improper Length of Prison Sentence Claim under 28 U.S.C. § 2241

Hairston says that under 28 U.S.C. § 2241 he is entitled to credit against his federal sentence for his time served with the MDOC. 28 U.S.C. § 2241(a) states: "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had." Hairston's claim is considered under 28 U.S.C. § 2241, because it challenges the execution of Hairston's sentence. Woody v. Marberry, 178

Fed. Appx. 468, 471 (6th Cir. 2006). "[C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255,…and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999). Under 28 U.S.C. § 2241(a), "[a] petition for habeas corpus must be filed in the district court that has jurisdiction over a prisoner's place of confinement…As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction." Martin v. Perez, 319 F.3d 799, 802 (6th Cir. 2003). However, "pursuant to the 'savings clause' in 28 U.S.C. § 2255[7], a federal prisoner may bring a claim challenging his conviction or imposition of a sentence under § 2241 if it appears that the remedy afforded under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Charles, 180 F.3d at 756. "It is the petitioner's burden to establish his remedy under § 2255 is inadequate or ineffective." Martin, 319 F. 3d at 803. The remedy under 28 U.S.C. § 2255 is not considered inadequate simply because such relief was denied. Id.

Here, Hairston is incarcerated in West Virginia. Moreover, Hairston has not established that the remedy under 28 U.S.C. § 2255 is "inadequate." Accordingly, the Court does not have jurisdiction to resolve Hairston's 28 U.S.C. § 2241 claim. Hairston's

---

[7] 28 U.S.C. § 2255(e). An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective** to test the legality of his detention.

13

challenge to how the Bureau of Prisons is executing his sentence with respect to past dead time must be resolved by the appropriate jurisdiction in West Virginia.

## V.  CONCLUSION

For the reasons stated above, Petitioner has not demonstrated that he is entitled to relief under 28 U.S.C. § 2255. Accordingly, the motion is DENIED.

SO ORDERED.

s/Avern Cohn<br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: January 19, 2016
Detroit, Michigan