UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                 Case No. 12-20423

                                                   HONORABLE AVERN COHN

MARIO HAIRSTON,

    Defendant/Petitioner.

_____/

## ORDER GRANTING MOTION FOR A CERTIFICATE OF APPEALABILITY (Doc. 73)

I.

This is a criminal case. Defendant/ Petitioner Mario Hairston (Hairston) plead guilty under a Rule 11 agreement and was sentenced to 157 months of imprisonment. He filed a direct appeal, (Doc. 38), which was dismissed under Fed. R. App. P. 42(b). (Doc. 49). Hairston then filed a motion under § 2255 presenting two claims. (Doc. 52). First, he claimed counsel was ineffective during plea negotiations. Second, he claimed that he is entitled to credit against his federal sentence for time served with the MDOC. Following an evidentiary hearing, and supplemental filings, the Court denied the motion. (Doc. 71). Before the Court is Hairston's motion for a certificate of appealability (COA), requesting a COA on his ineffective assistance of counsel claim.

II.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In <u>Slack v. McDaniel</u>, 529

U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)). Where a motion is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040. In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).

### III.

Although the Court is satisfied that Hairston is not entitled to relief under § 2255 for the reasons explained in its memorandum and order, reasonable jurists may disagree.

2

Accordingly, a COA is GRANTED on the claim of whether Hairston's counsel was ineffective during plea negotiations.

SO ORDERED.

                                               S/Avern Cohn
                                               AVERN COHN
                                               UNITED STATES DISTRICT JUDGE

Dated: January 21, 2016
        Detroit, Michigan